UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| FELIX A. BURROWS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:07-CV-89 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| THE PRESBYTERY OF EAST ) | |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM**

In accordance with the following, the Court will **GRANT** the Motion to Dismiss of defendant The Presbytery of East Tennessee ("Defendant")[1] in relation to the claim under Title VII of the Civil Rights Act of 1964 ("Title VII") of plaintiff Felix A. Burrows, Jr. ("Plaintiff") (Court File No. 2), and will **DISMISS** that federal claim with prejudice. The Court will **DISMISS** without prejudice Plaintiff's claim for breach of contract based upon state law.

In ruling on this motion the Court has been required to do so without the benefit of a response from Plaintiff. Plaintiff was given numerous opportunities to respond and has failed to do so.[2]

---

[1] In addition to The Presbytery of East Tennessee, Plaintiff has also listed The Presbyterian Church of USA (PC USA), the alleged parent corporation of The Presbytery of East Tennessee, as a defendant. Plaintiff has not indicated how PC USA is directly or indirectly involved in his claims. However, because Plaintiff's federal claims are time-barred, Defendant's motion to dismiss applies equally to both entities.

[2] For a detailed account, see this Court's order of February 2, 2008, denying Plaintiff's second motion for a continuance to retain counsel (Court File No. 11).

## I. STANDARD OF REVIEW

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), accepts the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determines whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting traditional Fed. R. Civ. P. 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). The Court may not grant a 12(b)(6) motion based upon its disbelief of a complaint's factual allegations, *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995), nor should the Court weigh the evidence or evaluate the credibility of witnesses, *id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The question is not whether the plaintiff will ultimately prevail but whether "the claimant is entitled to offer evidence to support the claims." *Kroll v. United States*, 58 F.3d 1087 (6th Cir. 1995); *Ecclesiastical Order of the Ism. of Am., Inc. v. Internal Revenue Serv.*, 725 F.2d 398, 403 (6th Cir. 1984). At the same time, bare assertions of legal conclusions are insufficient, and the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II. FACTS

Plaintiff, a minister, was hired by Defendant to organize a new church, to be known as Agape Mission Fellowship in the Westside Community, Chattanooga, Tennessee (Court File No. 1, ¶¶ 1, 5). Plaintiff and Defendant are both residents or otherwise located in Tennessee (*id.*, ¶¶ 1, 2).

Defendant entered into a contract with Plaintiff, agreeing to pay Plaintiff $60,000 a year for three years (*id.*, ¶¶ 5, 7). Plaintiff was terminated on June 15, 2004, having worked for Defendant for two and a half years of his contract (*id.*, ¶¶ 10, 11). Plaintiff was paid $80,000 less than the contracted amount (*see id.*, ¶¶ 12, 20). In December 2005, Plaintiff interviewed for a pastoral position with another Presbyterian church. He learned in February 2006 he was not selected for that position (*id.*, ¶ 15).

### III. APPLICATION

#### A. Federal Claim

Plaintiff alleges he was terminated from his employment based upon his race (Court File No. 1, ¶ 19). In filing a complaint based on a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), Plaintiff must file within the time allotted by statute. Pursuant to 42 U.S.C. § 2000e-5(e)(1), if Plaintiff filed first in this Court, he had 180 days to file after his unlawful termination. If Plaintiff filed a discrimination claim with a state or local agency first, he had 300 days to file in this Court. 42 U.S.C. § 2000e-5(e)(1).[3]

The complaint alleges Defendant's unlawfully terminated Plaintiff on June 15, 2004, due to his race (Court File No. 1, ¶¶ 10, 13, 19). Plaintiff filed his claim with this Court on April 19, 2007

---

[3] Section 2000e-5(e)(1) reads in pertinent part: "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred. . .except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier. . .."

(*see* Court File No. 1). Thus, 1038 days[4] passed between the alleged discriminatory termination on June 15, 2004 and Plaintiff filing his complaint on April 19, 2007. Pursuant to the relevant statute, 42 U.S.C. § 2000e-5(e)(1), Plaintiff had 300 days to file his claim after his termination if he first filed his claim with a state or local agency, or 180 days if he did not. *See Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162, 2165 (2007). Plaintiff does not specify in his complaint whether he first filed with a state or local agency. However, since Plaintiff took 1038 days to file, Plaintiff's complaint is extremely untimely regardless of whether he had 180 or 300 days to file. Because Plaintiff failed to file within the time specified by statute, his claim is no longer viable.[5] The Court will **GRANT** Defendant's motion to dismiss Plaintiff's Title VII claim.

    **B.**    **State Claim**

Plaintiff has also raised a breach of contract claim based upon state law. This Court has jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When such a civil action is before this Court, the Court also has jurisdiction to hear "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. In this case, the Court has jurisdiction to hear Plaintiff's state claim for breach of contract because Plaintiff also brought a federal claim under Title VII.

---

[4]For reference, 1038 days is two years, ten months, and four days.

[5]Plaintiff informs the Court in his complaint he learned he was denied a position with another Presbyterian church in February 2006 (Court File No. 1, ¶ 15). Plaintiff does not specify whether he is alleging Defendant was somehow responsible for this. If so, and the Court assumes the latest possible day in February 2006, February 28, 415 days passed between Plaintiff learning he was not selected for the job and Plaintiff filing an action in this Court. That period of time is still well above the 300 days afforded Plaintiff to file suit. *See* 42 U.S.C. § 2000e-5(e)(1).

However, this Court is very reluctant to exercise jurisdiction over state law claims when the federal law claims are dismissed. "District courts have the discretion to refuse to exercise supplemental jurisdiction over state law claims if 'the district court has dismissed all claims over which it has original jurisdiction.'" *Widgren v. Maple Grove Tp.*, 429 F.3d 575, 586 (6th Cir. 2005), *quoting* 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Id.* (citations and quotation omitted); *see also Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (explaining if the federal claims are dismissed before trial, the state claims generally should be dismissed as well).

Because Plaintiff's federal claim is precluded due to a failure to file his claim within the time set forth by statute, Plaintiff's state breach of contract claim is the only claim remaining before this Court. This Court retains no further federal interest in Plaintiff's remaining claim, and has no wish to intrude on the right of the Tennessee courts to adjudicate its own laws. The Court therefore will **DISMISS** without prejudice Plaintiff's breach of contract claim under state law.

### IV.    CONCLUSION

In accordance with the foregoing analysis, the Court will **GRANT** Defendant's motion to dismiss Plaintiff's federal discrimination claim, and will **DISMISS** Plaintiff's Title VII claim with prejudice. Because Plaintiff's only remaining claim is a breach of contract claim based upon state law, the Court will **DISMISS** it without prejudice.

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**